```
                    UNITED STATES BANKRUPTCY COURT

                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

                BEFORE THE HONORABLE ROGER L. EFREMSKY, JUDGE
```

| | | |
|---|---|---|
| In Re: | ) | Case No. 07-52029-RLE |
| | ) | Chapter 7 |
| RAYMOND J. SIR, | ) | |
|                 Debtor. | ) | |
| | ) | |
| AVI MUKHERJEE, | ) | Adv. No. 07-5147 |
| | ) | |
|                 Plaintiff, | ) | <u>PLAINTIFF'S MOTION to</u> |
| | ) | <u>COMPEL DISCOVERY RESPONSES</u> |
|     v. | ) | |
| | ) | |
| RAYMOND J. SIR, | ) | |
| | ) | |
|                 Defendant. | ) | Thursday, June 26, 2008 |
| | ) | San Jose, California |

<u>Appearances</u>:

| | |
|---|---|
| For the Plaintiff: | James Cai, Esq.<br>Schein & Cai, LLP<br>100 Century Center Court, Suite 315<br>San Jose, California  95112 |
| For the Defendant: | Cathleen Cooper Moran, Esq.<br>Moran Law Group, Inc.<br>1674 N. Shoreline Boulevard, Suite 140<br>Mountain View, California  94043-1375 |
| Digital Court<br>Recorder: | United States Bankruptcy Court<br>Clerk of the Court<br>Ron Rombawa<br>280 South First Street, Room 3035<br>San Jose, California  95113<br>(408) 535-5430 |
| Certified Electronic<br>Transcriber: | Palmer Reporting Services<br>1948 Diamond Oak Way<br>Manteca, California  95336-9124 |

            Proceedings recorded by digital recording;
transcript produced by federally-approved transcription service.

1 Thursday, June 26, 2008                         10:33 o'clock a.m.
2                         P R O C E E D I N G S
3         THE CLERK:  This is the United States Bankruptcy Court
4 for the Northern District of California.  Court is now in
5 session.
6         THE COURT:  Please be seated.
7         THE CLERK:  Item 1, Mukherjee versus Sir, et al.
8         MS. MORAN:  Good morning.  Cathy Moran for Mr. Sir.
9         MR. CAI:  Good morning, Your Honor.  James Cai on
10 behalf of plaintiff.
11         THE COURT:  All right. Good morning.  Okay.  I've
12 read the motion, the opposition.  Does anybody have anything
13 else they wish to add, or anything?
14         MR. CAI:  No, Your Honor.
15         MS. MORAN:  One point I would make is the reply
16 asserts that the arrangement we made at the meet-and-confer was
17 solely for the purpose of flushing out whether my client was
18 willing to be responsive.
19         And I think that that's only half of the deal we made,
20 because the — I clearly expected that the deposition would go
21 forward and that it would answer many of the issues about the
22 discovery.
23         THE COURT:  Um-hum.
24         MS. MORAN:  And you can see that in my response, when
25 I replied that this date doesn't work for my client, but here

1  are my available dates.
2           THE COURT:  Um-hum.
3           MS. MORAN:  So I clearly thought we had reached a deal
4  that would preserve any rights that plaintiffs had, would be
5  economic, and — and I was willing to preserve any claims that
6  were — any issues that were unresolved or unaddressed after
7  they'd taken the deposition of the defendant.  So it seems to me
8  that the minute the defendant showed he was willing to cooperate
9  then the rules changed.
10          THE COURT:  Um-hum.
11          MS. MORAN:  And I think this motion is unnecessary.
12          MR. CAI:  Your Honor, we are entitled to reserve
13 orders of deposition and proceed with this motion to compel,
14 because without the documents it's impossible for the plaintiff
15 to conduct any meaningful deposition.
16          And also, given Ms. Moran's motion to withdraw, it
17 looks like that the defendant is disappearing from the case
18 again.  So further — any further delay in this case, especially
19 in terms of discovery, would just be a waste of both parties'
20 resources.  And we respectfully request that this motion go
21 forward and...
22          THE COURT:  Okay.  I guess my comment is you did a
23 notice of deposition, and I took it that — the way Ms. Moran
24 intended it — that take my client's deposition, reserve your
25 rights.  But it's your case.  You conduct the discovery the way

1  you see fit. But I have to say that if you notice a deposition
2  in the future, and if it's just — that's just your intent, to
3  try to see if you can get them to come to the table, I don't
4  think that's a — it's not a good practice.
5  　　　　　So also you might have been better off to have taken
6  the deposition while Ms. Moran in the case, because your hearing
7  is coming up when, for the withdrawal?
8  　　　　　MS. MORAN: Mid-August, I think.
9  　　　　　THE COURT: Okay. So you may want to reconsider that
10 if you can take the deposition while he has counsel. It might
11 actually be a more of an effective deposition.
12 　　　　　But be that as it may, I'm prepared to go forward and
13 rule on the motion.
14 　　　　　And, Ms. Moran, again I take your position. And,
15 frankly, I find it's — the depositions are far more productive
16 than trying to get answers through interrogatories, though the
17 document productions are helpful for a deposition. But I've
18 conducted numerous depositions where I didn't have all the
19 documents, did it, and just continued it until I had the
20 additional documents. But, again, it's your case, counsel. You
21 do what you deem best for your client.
22 　　　　　Okay. With regards to the interrogatories —
23 　　　　　MS. MORAN: May I sit?
24 　　　　　THE COURT: Please. Actually, both of you can be —
25 make yourself comfortable.

1     MR. CAI: Thank you, Your Honor.
2     THE COURT: All right. With regards to — counsel, you
3  might want to take notes because you'll need to prepare an
4  order. And I can go through this.
5     Interrogatory 1, I will require a supplemental
6  response.
7     Interrogatory Number 2, the Court will require a
8  supplemental response as to the inclusive dates that the policy
9  was in force.
10    With regards to Interrogatory Number 5, I will not. I
11 think that's going to be better addressed. They've given you a
12 response. They said, "None."
13    And, if you have any questions, I think a deposition
14 is where you're going to have to deal with that aspect of it or
15 some sort of request for admission.
16    Interrogatory Number 7 will require a supplemental
17 response.
18    Interrogatory Number 8, I will not. I think that's —
19 the question is vague. I think if you want a written response
20 you're going to have to serve a new set of interrogatories with
21 that one. So I will not require an additional response as to
22 Number 8.
23    I will require a supplemental response as to
24 Interrogatory Number 12.
25    Also Interrogatory Number 13 is required to have a

1 supplemental response.
2      With regards to Interrogatory Number 17, I just want
3 to make sure I understand this question: It says, "For the debt
4 owed by Sir or Global, for which a balance of more than $2500 is
5 owed at the time of Mukherjee's investment in Globals, state A,
6 the date such debt goes through."
7      "QUESTION: — the response is, "Responding party
8 denies that there was an investment in Global by Mukherjee."
9      If your question is simply funds that were
10 transferred, invested, whatever you want to call it, is that
11 what you're — and then Ms. Moran is correct to say she's not
12 admitting that it's —
13      MR. CAI: Um-hum.
14      THE COURT: — an investment. But if the purpose of
15 the question is that funds were transferred and — however you
16 want to characterize them, then I would require a supplemental
17 response.
18      MR. CAI: Thank you, Your Honor.
19      THE COURT: Okay.
20      MR. CAI: That's the meaning of —
21      THE COURT: And —
22      MR. CAI: — the interrogatory, funds is transferred to
23 Global's —
24      THE COURT: Go ahead, Ms. — right. Okay, Ms. Moran.
25      MR. CAI: — bank account.

1   THE COURT: Ms. Moran.
2   MS. MORAN: So is the interrogatory going to be
3 rewritten so that —
4   THE COURT: I think I wanted —
5   MS. MORAN: — I can respond?
6   THE COURT: I mean, what it would be would be in the
7 order that — you can put in there that the intent of it, so you
8 don't have to serve a new interrogatory, but you should state
9 threat intent is that money was transferred.
10   But Ms. Moran is not — by answering that
11 interrogatory, she's not admitting or her client is not
12 admitting that this was an actual investment; it's just that
13 there was some money that was transferred along that. So put
14 that in the order. That's the clarification of it. Then a
15 supplemental answer will be required.
16   No supplemental answer is going to be ordered by — as
17 to Interrogatory Number 19.
18   Interrogatory Number 20, the Court will require a
19 supplemental response.
20   Okay. So that's for the interrogatories.
21   So, again, just to go back through that quickly,
22 supplemental responses to Interrogatory Number 1.
23   Supplemental responses to Interrogatory Number 2D.
24   No supplemental response as to Interrogatory Number 5.
25   Supplemental response to Interrogatory Number 7.

1          No supplemental response as to Interrogatory Number 8.

2          Supplemental response as to Interrogatory Number 12.

3          Supplemental response as to Interrogatory Number 13.

4          A supplemental response as to Interrogatory Number 7

5  with the proviso that the word "investment," it just means money

6  that was transferred from Mukherjee to Global.

7          Then Interrogatory Number 19, there will be no —

8  there's no requirement for supplemental response.

9          Interrogatory Number 20, a supplemental response is

10 required.  Okay?

11         MR. CAI:  Thank you, Your Honor.

12         THE COURT:  All right.  Then moving on to your Request

13 for Production of Documents, it's my understanding that there

14 were going to be responses as to 1, 3, 4, 5, 9, and 17.

15         Have any additional documents or documents been

16 provided with those?

17         MR. CAI:  Yes, Your Honor.

18         THE COURT:  So are those still at issue?  What I was

19 going —

20         MR. CAI:  Yes, still at issue.

21         THE COURT:  There are still — so you've not received

22 the documents?

23         MR. CAI:  No.

24         THE COURT:  Okay.  With regards to Request for

25 Production of Document Number 1, the Court will require them to

1  be produced. It says, "Responding party will produce," so —
2  　　　　MR. CAI: Um-hum.
3  　　　　MS. MORAN: Well, we have produced the documents, in
4  our control, in every place in which the response says that we
5  will produce.
6  　　　　THE COURT: Okay. So you have to the — okay. Well,
7  let's come back. What we'll do is just maybe some clarifying
8  language that — with counsel's requests, so we'll — let me just
9  put that there.
10 　　　　MS. MORAN: We made an initial —
11 　　　　THE COURT: So what I —
12 　　　　MS. MORAN: — an initial production and have not
13 produced anything beyond what was originally produced concurrent
14 with those —
15 　　　　THE COURT: Okay. Because counsel's —
16 　　　　MS. MORAN: — written responses.
17 　　　　THE COURT: — counsel's meet-and-confer letter that
18 I'm looking at says no such document was produced or identified.
19 　　　　In that — what I — the response says, "Responding
20 party will produce," and then the meet-and-confer letter says,
21 "No such document was produced or identified."
22 　　　　MR. CAI: Your Honor, —
23 　　　　MS. MORAN: If that —
24 　　　　MR. CAI: — all the documents that — were produced
25 without any Bates number, without any identification.

1   THE COURT: There's no requirement to Bates stamp the
2 number. You might want to direct — the Court will direct your
3 attention to Bankruptcy Rule 7034(e), subpart (i), "A party must
4 produce documents as they are kept in the usual course of
5 business, or must organize and label them to correspond to the
6 categories in the request."
7   Bates-stamping is not a requirement, though it can be
8 helpful for identification purposes between — usually for the
9 party producing it. So that's more of a better practice, but
10 it's not a requirement to Bates stamp the documents.
11   So I guess the question I have for you counsel that —
12 your meet-and-confer letter says you have not received any such
13 documents. So is it you've received documents, but you're just
14 not sure if they're responsive?
15   MR. CAI: That's right, Your Honor.
16   THE COURT: Okay.
17   MS. MORAN: I would point out we have produced what we
18 possess.
19   THE COURT: Um-hum.
20   MS. MORAN: And no more — no more than that is
21 possible.
22   THE COURT: Um-hum.
23   MS. MORAN: And I — part of the tension here is that
24 the other side wants to characterize this as an investment in a
25 business deal. In fact, these were loans made at a poker table.

1  THE COURT: And I'm — I don't — I'm not to be going
2  into specifics. What I've got here is that you either have to
3  produce them how the records were kept. And if they were
4  produced that way, that's all you're required to do on it. If
5  they weren't and you've kind of taking them out, then you're
6  required to at least identify the documents, saying these
7  documents are in response to Request for Production Document
8  Number 1.
9  So my question to you, Ms. Moran, is how were they
10 produced? Do you know how your client kept the documents, or is
11 it something you have to go back through and have them —
12 MS. MORAN: In fact, he kept them in a — you know, in
13 bankers boxes — he's moved out of his house — or a trunk in his
14 possession. Whatever he had was in storage.
15 THE COURT: Okay.
16 MS. MORAN: The business is — was the subject of a
17 Chapter 7 of its own. So what we did, we searched the boxes,
18 found what we thought was responsive, and provided it.
19 If we'd have provided it in the way it was kept at the
20 point of the production, we would have produced bankers boxes
21 which would not have been helpful.
22 THE COURT: Okay. So if they weren't — a party must
23 produce the documents as they were kept. Since you stated that
24 they weren't kept in the manner in which you produced them, then
25 you're required to go through the records and say which ones are

1  responsive to the Request for Production Number 1.
2         So what I'm going to order on that one is, since you
3  produced the documents, but — I'm going to need you to go back
4  through those documents and identify which document you believe
5  — again, it's as to your understanding of the documents and the
6  request for production of documents, which ones are responsive.
7         MS. MORAN:  Um-hum.
8         THE COURT:  You may not be absolutely correct on that,
9  but just give your best take on it.
10        MS. MORAN:  Um-hum.
11        THE COURT:  Also if you believe they are all — if the
12 Request for Production of Documents is broad enough and you
13 believe all the documents are responsive, if you can simply
14 state the documents produced on such-and-such a date, x number
15 of pages are responsive to that but, if not, you are going to
16 require to do just a good-faith effort to try to identify for
17 counsel which documents.
18        Now if they weren't — I take it they weren't
19 Bates-stamped?
20     (No audible response.)
21        THE COURT:  Do you have copy — let me ask this —
22        MS. MORAN:  I don't have a copy with me.
23        THE COURT:  Did you keep a copy of the documents you
24 produced?
25        MS. MORAN:  Yes.

1  THE COURT: My suggestion might be to work — to make
2  it easier for you, Ms. Moran, and for counsel here, go through,
3  Bates-stamp them 1 through 357.
4  MS. MORAN: Um-hum.
5  THE COURT: And then you can go through or have your
6  client go through, and say which ones are responsive to that.
7  And say documents number 1, 20 through 25. And then that way
8  it's easier to track.
9  So that's what I'm going to order. And I think just
10 to — to facilitate this is go back, take the hundred and — 357
11 documents, Bates stamp them, and then go back through with
12 regards to Request for Production Number, Number 1, and say
13 which ones were responsive to that.
14 Moving on to the Request for Production Number 2, I'm
15 not going to require anything further, because I think this
16 question really requires the debtor to have to interpret
17 Corporations Code Section, and I think you're going to have —
18 that will really have to be reworded in a different way. So I'm
19 not going to require any further response as to that.
20 I'm going to order the same thing for Request for
21 Production of Documents Number 3. Go through and say which ones
22 are applicable.
23 With regards to Request for Production of Documents
24 Number 4, the same thing. Identify which numbers are responsive
25 to the request.

1   With regards to Request for Production Number 5, the
2   same thing. Go through and identify which documents are
3   responsive, to the best of your ability, Ms. Moran.
4       (Pause in the proceedings.)
5       THE COURT: Then taking — I'm going to — with regards
6   to Number — I'll go through the numbers here. Counsel is
7   basically asking — where you say there's no responsive
8   documents, counsel is requesting a statement to the effect that
9   such documents never existed, have been lost, or stolen, or
10  restored, or were not in the possession, custody, control of
11  defendants. It's kind of a broad statement. But add that, go
12  through.
13      And I guess with regards to Request for Production
14  Number 6, 7, 8, 10, 11, 12, 23, 24, 25, 26, 27, 28, 29, 31, 32,
15  36, 37, 38, 39, if that's the case, just put a statement as to
16  each that there are no responsive documents due to the fact that
17  that they either never existed, had been lost or stolen, were
18  destroyed, or were not in possession, custody, control of the
19  defendants, which counsel requests.
20      Okay. With regards to Request for Production Number
21  9, I'm going to ask you the same thing. Go through and identify
22  which documents are responsive to that.
23      Now we've talked about 10, 11, 12.
24      With regards to Request for Production Document Number
25  17, again go through and identify which documents are

1 responsive. That should be fairly easy.
2     (Pause in the proceedings.)
3     THE COURT: I think that will do it.
4     And then regard to Request for Attorneys' Fees, I'm
5 going to order Raymond J. Sir and Global OEM Solutions, LLC,
6 jointly and severally, to be responsible for paying attorneys'
7 fees. I'm going to put down — I've got 12 hours at $275 for
8 $3,300. Okay?
9     MS. MORAN: Your Honor, again I will respect your
10 order with respect to the production. But I think in a case
11 where the opposition here didn't deal in good faith, in terms of
12 our meet-and-confer, and having made a deal that would be
13 economic and practical and cost them no rights in the
14 transaction, I think it's inappropriate to reward them for
15 doubling back on their deal. And the —
16     THE COURT: Ms. Moran, I don't — I don't look
17 favorably upon somebody noticing a deposition with no intent to
18 take it.
19     MS. MORAN: But it's not just the notice, it's that we
20 reached a deal as to how to address their concerns.
21     THE COURT: And I understand. But in light of the
22 fact that the documents weren't produced in the matter in which
23 they were produced, which was — then they should have been
24 identified.
25     And I realize that your position is take a deposition;

1  it's more effective.  I would not disagree with you.  I think a
2  deposition is far more effective, even with the documents you
3  have.  But I think just even to structure a deposition to be
4  more meaningful and to take less time, your time as well, is a
5  cost savings to your client.
6         They should have been produced in that manner.  They
7  should have been ideally Bates-stamped, so these documents are
8  produced in response to this particular question.  I think some
9  of the interrogatory responses are lacking.
10         So I'm going to stick with it.  I've reduced counsel's
11  request — it's something like $5400, and I've reduced it down to
12  what I believe is reasonable, 3,300.  But I'm not putting any
13  type of time limit on the payment of it.  I don't think it's  —
14         MS. MORAN:  Um-hum.
15         THE COURT:  — worthy of a terminating sanction, or
16  anything.  I'm just simply saying I think it's appropriate that
17  the plaintiffs be awarded the $3300.  And that is against the
18  defendant, Raymond J. Sir and Global OEM Solutions, LLC, jointly
19  and severally.
20         MS. MORAN:  Um-hum.
21         THE COURT:  And that's just going to be my order.  I'm
22  going to stick with that.
23         Counsel, in the future, don't notice a deposition
24  unless you intend on going forward.  You have a right to change
25  your mind.  And I appreciate your candor to the Court saying

```
 1  that that was the purpose of it.  But it's just not good form,
 2  better practices, if you want to take it.
 3          And if you get a situation like this where you don't
 4  get all the documents, as Ms. Moran's offer was, take the
 5  deposition.  You reserve the right if you don't get the
 6  documents, or you have further questions you can continue the
 7  deposition.
 8          I agree, it may — this I think after you get the
 9  supplemental responses in —
10          By the way, Ms. Moran, how much time do you think you
11  need to —
12          MS. MORAN:  Well, I've got two problems.  One is my
13  office is at capacity at the moment, anyway.
14          THE COURT:  Okay.
15          MS. MORAN:  And the second is that my client travels a
16  lot.  I haven't heard from him in a month or more.  I don't
17  know.  He is attempting to get business —
18          THE COURT:  When is your motion set to withdraw; do
19  you have an idea?
20          MS. MORAN:  I think it's August 11th, but I'm not —
21          THE COURT:  Okay.  What I'm going to do then is —
22  today is the 26th.  I'm going to order that the supplemental
23  responses be provided to counsel for the plaintiffs no later
24  than Tuesday, August 5th.  Okay?
25          MS. MORAN:  Very well.
```

1  MR. CAI:  Thank you, Your Honor.
2  THE COURT:  All right.  Thank you.
3  THE CLERK:  All rise.
4  (Proceeding concluded at 10:45 a.m.)
5                     —o0o—

```
State of California        )
                           )   SS.
County of San Joaquin      )
```

       I, Susan Palmer, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages, of the digital recording provided to me by the United States Bankruptcy Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

       I further certify I am not a party to nor in any way interested in the outcome of this matter.

       I am a Certified Electronic Reporter and Transcriber through the American Association of Electronic Reporters and Transcribers, Certificate No. 00124.  Palmer Reporting Services is approved by the Administrative Office of the United States Courts to officially prepare transcripts for the U.S. District and Bankruptcy Courts.

       Susan Palmer
Palmer Reporting Services

Dated July 11, 2008